# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**FREDDIE WILLIAMS,**

      **Petitioner,**

   v.             CASE NO. 19-3010-SAC

**STATE OF KANSAS,**

      **Respondent.**

## ORDER OF DISMISSAL

   This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. Petitioner, a detainee at the Wyandotte County Detention Center, challenges the requirement that he continue to register under the Kansas Offender Registration Act. He proceeds pro se and seeks leave to proceed in forma pauperis.

   Petitioner was convicted in 1996 of attempted rape and kidnapping in Wyandotte County. His sentence included a requirement to register as a sex offender for ten years. Subsequently, through changes in the law, that requirement has been extended to lifetime registration. Petitioner currently is incarcerated due to his failure to register as required.

   Because petitioner is challenging not the validity of his criminal sentence, but the execution of that sentence, a habeas application under 28 U.S.C. § 2241 is the appropriate remedy. *See Straley v. Utah Bd. of Pardons*, 582 F.3d 1208, 1213 (10th Cir. 2009)("[A state prisoner's] §2241 habeas petition can only challenge the execution of his sentence, not the validity of his conviction and the original sentence."). Although § 2241 does not contain an explicit exhaustion requirement, exhaustion of available state remedies is

required for petitions brought under that provision. *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000)("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254."); *see also Wilson v. Jones*, 430 F.3d 1113, 1118 (10th Cir. 2005)(noting habeas petitioner seeking relief under 28 U.S.C. § 2241 is required to exhaust available state remedies, absent showing of futility).

A petitioner may satisfy the exhaustion requirement by showing either (1) "that a state appellate court has had the opportunity to rule on the same claim presented in federal court" or (2) "that at the time he filed his federal petition, he had no available state avenue of redress." *Miranda v. Cooper*, 967 F.3d 392, 398 (10th Cir. 1982). Here, petitioner does not suggest that he has presented his claim in the state courts, nor does he argue that he has no available state remedy. Accordingly, the Court will dismiss this matter without prejudice to allow petitioner to present his claim to the state courts.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed without prejudice to allow petitioner to exhaust state court remedies.

IT IS FURTHER ORDERED petitioner's motion to proceed in forma pauperis (Doc. #2) is denied as moot.

**IT IS SO ORDERED.**

DATED: This 31st day of January, 2019, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge